UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

AUG -5 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

MICHELE MOSLEY,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

and

SAMUEL I. WHITE, P.C.,

    Defendants.

Civil Action No.2:11cv268

## OPINION AND ORDER

This matter is before the Court on a Notice of Removal from the Circuit Court for the City of Virginia Beach, Virginia, and a Motion to Dismiss filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Samuel I. White, P.C. ("Trustee" and, collectively with Wells Fargo, "Defendants"), as well as a Motion to Remand filed by Plaintiff Michele Mosley ("Plaintiff"). Defendants' Notice of Removal alleges that the Court has federal-question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Home Affordable Modification Program (HAMP), a federal program that provides federal loan modification regulations and guidelines pursuant to the Emergency Economic Stabilization Act. 12 U.S.C. § 5201 et seq. Defendants' Motion to Dismiss argues

that Plaintiff has failed to allege plausible claims for relief because there is no private right of action for alleged violations of HAMP. Plaintiff's Motion to Remand disputes the federal-question jurisdiction asserted by Defendants and seeks remand of the matter to state court, arguing that her Complaint only alleges state-law contract and tort claims and a violation of the Virginia Consumer Protection Act ("VCPA"), Va. Code Ann. § 59.1-200. The Complaint also seeks a preliminary injunction to prevent foreclosure. Plaintiff's Motion to Remand also seeks attorney's fees for the costs associated with Defendants' allegedly improper removal of this case to federal court. Although Defendants have requested a hearing on their Motion to Dismiss, after examining the Complaint, the motions, and the associated memoranda, the Court finds that the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the Court sua sponte **DISMISSES** this matter for lack of subject-matter jurisdiction, **GRANTS** Plaintiff's Motion to Remand, and **REMANDS** this matter to the Circuit Court for the City of Virginia Beach, Virginia. Plaintiff's request for attorney's fees is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY[1]

Plaintiff Michele Mosley owns a tract of land in Virginia Beach, Virginia. Compl. ¶ 13. On September 10, 2007, Plaintiff secured a mortgage loan from Wells Fargo in the amount of $100,300 on the property. Id. ¶ 14. As a result of Plaintiff losing her job in 2008, her income significantly decreased. Id. ¶ 15. Because Plaintiff was unable to make her mortgage payments from her decreased income, she sought a loan modification from Wells Fargo. Id. ¶ 15. Plaintiff communicated with Wells Fargo representatives for the next two years, receiving inconsistent statements made by several different Wells Fargo representatives and achieving no progress in obtaining a loan modification. Id. ¶ 16.

In March 2011, Plaintiff hired the law firm of Heath J. Thompson, P.C. ("HJT") to represent her in obtaining a loan modification in order to avoid foreclosure. Id. ¶ 21. After reviewing the terms of Plaintiff's mortgage and Plaintiff's financial situation, HJT determined that Plaintiff qualified for

---

[1] The facts recited here are drawn from the Plaintiff's Complaint and are assumed true for the purpose of deciding the motions currently before the Court. They are not to be considered factual findings for any purpose other than consideration of the pending motions. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) ("[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint.").

3

a HAMP modification. Id. ¶ 22. On March 11, 2011, HJT sent a complete loan modification application to Wells Fargo, which was denied six days later. Id. ¶¶ 23-24. On March 17, 2011, Wells Fargo representative "Justin" informed HJT that he requested the loan modification to be reopened. Id. ¶ 25. On April 14, 2011, Wells Fargo representative "Toni" informed Plaintiff that she would have to send another application since her file was removed from loss mitigation on April 9, 2011. Id. ¶ 26. On April 20, 2011, HJT sent Wells Fargo another loan modification application. Id. ¶ 27. At the time the Complaint was filed, Plaintiff's loan modification application was being reviewed, but a foreclosure date remained in effect for Wednesday, April 27, 2011. Id. ¶ 29.

Plaintiff filed her Complaint and sought a preliminary injunction on April 21, 2011, in the Circuit Court for the City of Virginia Beach, Virginia. Plaintiff asserted several claims against Wells Fargo, including breach of contract, promissory estoppel, negligence, and a violation of the VCPA. Id. ¶¶ 30-84. Plaintiff also alleges that the Trustee breached its contract to modify Plaintiff's first mortgage. Id. ¶¶ 85-86.

On May 16, 2011, Defendants filed a Notice of Removal, which removed the matter to this Court. Docket No. 1. Defendants claim that the Court has subject-matter jurisdiction over this matter because Plaintiff's claims implicate substantial

4

questions of federal law, and thus "aris[e] under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331. Notice of Removal ¶ 2. Defendants also filed on the same day a Motion to Dismiss this action. Docket No. 4. Defendants requested a hearing on the Motion to Dismiss on June 15, 2011. Docket No. 6. On June 16, 2011, Plaintiff filed a Motion to Remand this action to state court. Docket No. 7. In Plaintiff's Memorandum of Law in Support of Motion to Remand, Plaintiff argues that Defendants improperly removed this case to federal court and requests attorney's fees pursuant to 28 U.S.C. § 1447. Docket No. 8.

## II. STANDARD OF REVIEW

The Court must first determine whether it has federal-question jurisdiction over the claims at issue.[2] Federal-question jurisdiction exists in this case pursuant to 28 U.S.C. § 1331 if Plaintiff's claims are ones "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such federal-question jurisdiction can be exercised over a state-law cause of action implicating federal law if "it 'appears from the [complaint] that the right to relief depends upon the construction or application of [federal law].'" Grable & Sons

---

[2] Defendants do not allege diversity of citizenship jurisdiction as a ground of federal jurisdiction pursuant to 28 U.S.C. § 1332, and thus, the Court will only consider whether federal-question jurisdiction exists.

Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005) (quoting Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921)). If the Court has federal-question jurisdiction over the claims at issue, the Court may also exercise supplemental jurisdiction over the state-law aspects of Plaintiff's claims pursuant to 28 U.S.C. § 1367 when they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). This principle is embodied in Rule 12(h)(3) of the Federal Rules of Civil Procedure, which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Moreover, a court has an independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, must "raise lack of subject-matter jurisdiction on its own motion," without regard to the positions of the parties. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); accord Plyler v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997) ("questions concerning subject-matter jurisdiction may be raised

at any time by either party or sua sponte by [the] court") (citing North Carolina v. Ivory, 906 F.2d 999, 1000 n.1 (4th Cir. 1990)); UTrue, Inc. v. Page One Sci., Inc., 457 F. Supp. 2d 688, 689 (E.D. Va. 2006) ("federal courts are obligated to confront and address jurisdictional defects sua sponte 'whenever it appears the court lacks subject matter jurisdiction'") (quoting Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999)). This principle is reiterated in paragraph (c) of 28 U.S.C. § 1447, which further provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. DISCUSSION

As noted above, Defendants have removed this case to federal court solely on the ground of federal-question jurisdiction pursuant to 28 U.S.C. § 1331. Notice of Removal ¶ 2. Plaintiff argues in response that "federal question jurisdiction is improper because Plaintiff's claims rely on state law theories of contracts and tort, not potential alternative federal law theories of liability." Pl.'s Mem. Law Supp. Mot. Remand 4. On the other hand, Defendants allege "that the Plaintiff in the instant case is attempting to recast her allegations of HAMP guideline violations as state law claims." Defs.' Br. Opp'n Pl.'s Mot. Remand 8.

As a threshold matter, the Court sua sponte considers whether it has subject-matter jurisdiction over this matter. Although Plaintiff only alleges state-law claims in the Complaint, the Complaint also frequently refers to HAMP procedures and guidelines. However, for the following reasons, and consistent with its prior decisions, the Court concludes that the mere reference to HAMP procedures and guidelines in state-law breach of contract and tort claims is not sufficient to create federal-question subject-matter jurisdiction over this matter. 28 U.S.C. § 1331.

To fully understand how a complaint's allegations affect the manner of addressing cases that involve HAMP, it is important to start with a discussion of whether HAMP creates a private right of action. Federal courts have uniformly held that relief cannot be granted to private plaintiffs for HAMP claims because HAMP created no private cause of action for borrowers against lenders, but instead delegated compliance authority to Freddie Mac. Bourdelais v. J.P. Morgan Chase Bank, No. 3:10cv670, 2011 U.S. Dist. LEXIS 35507, at *9-10 (E.D. Va. Apr. 1, 2011) ("Courts universally rejected these claims on the ground that HAMP does not create a private right of action for borrowers against lenders and servicers."); Pennington v. PNC Mortg., No. 2:10cv361, 2010 U.S. Dist. LEXIS 143157, at *10-11 (E.D. Va. Aug. 11, 2010) ("The applicable statute, 12 U.S.C. §

8

5229, does not expressly create a private right of action against participating mortgage servicers. Instead, it allows those aggrieved by the actions of the Treasury Department to sue the Secretary of the Treasury. . . . The creation of this private right of action against the Secretary of the Treasury, coupled with the delegation of enforcement authority to Freddie Mac, strongly implies that Congress did not intend to create a separate cause of action against participating mortgage servicers.").

The absence of such a private right of action impacts the Court's analysis of allegedly deficient claims in different ways depending on how HAMP is included in a complaint's allegations. For example, in cases that <u>directly allege</u> causes of action for violations of HAMP itself, this Court has inferred the existence of federal-question subject-matter jurisdiction and dismissed the claims on the basis of Rule 12(b)(6) for failure to state a claim upon which relief can be granted. See <u>Fowler v. Aurora Home Loans</u>, No. 2:10cv623, 2011 U.S. Dist. LEXIS 73344, at *4 (E.D. Va. Mar. 31, 2011). However, when presented with removed cases that allege state-law breach of contract and tort claims that <u>merely reference</u> HAMP guidelines and procedures, this Court has consistently held that it lacks federal-question subject-matter jurisdiction over such claims. <u>Asbury v. America's Servicing Co.</u>, No. 2:11cv99, slip op. at 8 (E.D. Va. July 13,

9

2011) (finding that "no private cause of action exists under HAMP, and congressional intent would be frustrated by this Court exercising federal question jurisdiction"); Paine v. Wells Fargo Bank, No. 2:11cv89, slip op. at 11 (E.D. Va. July 12, 2011) (finding "that Plaintiffs' right to relief for the state-law claims does not necessarily depend on resolution of a substantial question of federal law, particularly where federal law does not create a private right of action"); see also Sherman v. Litton Loan Servicing, ___ F. Supp. 2d ___, 2011 U.S. Dist. LEXIS 71756, at *7 (E.D. Va. July 1, 2011) (noting that the matter would have been dismissed for lack of subject-matter jurisdiction had diversity of citizenship not provided an alternate jurisdictional basis).

Plaintiff's removed state-court Complaint only alleges state-law contract and tort claims and a violation of the VCPA, not a federal HAMP violation cause of action. Therefore, because Plaintiff's Complaint merely references HAMP guidelines and procedures, and does not attempt to allege directly a federal HAMP violation cause of action, the Court concludes that there is no federal-question subject-matter jurisdiction. In other words, Plaintiff's right to relief for the state-law claims does not necessarily depend on resolution of a substantial question of federal law, particularly where federal law does not create a

10

private right of action. See Merrell Dow Pharm. Inc. v. Thomas, 478 U.S. 804, 808 (1986).

In light of the Court's conclusion that it lacks subject-matter jurisdiction over Plaintiff's claims in this matter, the Court does not reach a decision regarding Defendants' Rule 12(b)(6) Motion to Dismiss for failure to state a claim. Instead, the Court will grant Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1447(c), because there is no federal subject-matter jurisdiction based on Plaintiff's mere references to HAMP guidelines and procedures.

### IV. REQUEST FOR ATTORNEY'S FEES

The Court now turns to Plaintiff's request for attorney's fees in her Motion to Remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The test for requiring payment of attorney's fees "should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."). Although district courts within the Fourth Circuit have repeatedly dismissed cases substantially identical to the

11

instant one—many filed by Plaintiff's counsel, Heath J. Thompson, P.C.—the United States Court of Appeals for the Fourth Circuit has not yet addressed the issue of whether such cases may properly be removed to federal court on the theory that state-law claims merely referencing HAMP procedures and guidelines invoke federal-question subject-matter jurisdiction. Therefore, in the absence of controlling precedent to the contrary, Defendants' removal of the instant case to this Court cannot be said to be objectively unreasonable. See Kluksdahl v. Muro Pharm., Inc., 886 F. Supp. 535, 540 (E.D. Va. 1995) (denying plaintiff's request for costs and fees for the removal of a case to federal court when district courts had decided an issue but the Fourth Circuit had not yet issued a decision on the issue). Consequently, Plaintiff's request for attorney's fees will be denied.

## V. CONCLUSION

For the reasons stated above, the Court sua sponte **DISMISSES** this matter for lack of subject-matter jurisdiction, **GRANTS** Plaintiff's Motion to Remand, and hereby **REMANDS** this matter to the Circuit Court for the City of Virginia Beach, Virginia. Additionally, the Court **DENIES** Plaintiff's request for attorney's fees.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

                                                      /s/_____
                                                      Mark S. Davis
                                        United States District Judge

Norfolk, Virginia
August 4, 2011